N.R. SMITH, Circuit Judge,
dissenting:
The majority finds and district judge found that Congress clearly intended to create a cause of action when it drafted 20 U.S.C. § 1415 of the IDEA. I cannot agree. The clear language of the statute makes them wrong. Further, even if their position could be harmonized with the statute, one cannot find that Addison is entitled to relief on this record.
This case comes before our panel as an appeal from a judgment on the pleadings against Plaintiff, CUSD. We review de novo a Rule 12(c) judgment on the pleadings. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir.2009). A judgment on the pleadings is proper if, taking all of CUSD’s allegations in its pleadings as true, Addison is entitled to judgment as a matter of law. Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir.1993).
On appeal to the district court, CUSD only challenged whether the ALJ had authority to conduct a due process hearing, in which the ALJ could determine whether CUSD violated the IDEA’S child-find provision. CUSD argued that, under the IDEA and state law, a due process hearing may be held only where the school district *1186 purposefully acts or refuses to act, not when the complained-of conduct is best described as negligence.
“In the absence of clear evidence of congressional intent, we may not usurp the legislative power by unilaterally creating a cause of action.” In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1230-31 (9th Cir.2008) (citing Touche Ross & Co. v. Redington, 442 U.S. 560, 578, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) (“The ultimate question is one of congressional intent, not one of whether this Court thinks that it can improve upon the statutory scheme that Congress enacted into law.”)). Thus, the burden of establishing a private cause of action falls upon the plaintiff; a burden Addison has not carried.
I. The Existence of a Private Cause of Action
In federal court, parents may only challenge a school district’s failure to carry out its IDEA obligations based on the provisions of the IDEA. It is not a common law action, and an action cannot be brought against a school district pursuant to 42 U.S.C. § 1983. While the IDEA presents standards for educating children, a private right of action must exist in order for a court to grant relief for a statutory violation. Thus, it is not enough that Addison shows a statutory violation, she must also establish that the statute creates a private cause of action.
Looking first to the IDEA, Congress left the details of how the objectives of the IDEA are to be achieved to the states, by requiring those states who wish to obtain funding, “submit[] a plan that provides assurances to the Secretary that the State has in effect policies and procedures to ensure that the State meets [the conditions of the IDEA].” 20 U.S.C. § 1412(a). In California, this plan is found in Part 30 of the California Education Code. As set out in the California Education Code, the state has, in turn, given local education areas the task of establishing written policies and procedures to govern implementation of the IDEA in its area. Cal. Educ.Code § 56301(d)(1). Therefore, to determine whether parents may bring an IDEA due process hearing, one must consider all three plans: federal, state, and local. Addison brought her claim for due process on the ground that CUSD violated the IDEA’S Child-find provision. The district court found § 1415(b)(6) and its accompanying regulation, 34 C.F.R. § 300.507, establish a private cause of action for violations of the Child-find provision.
The plain language of § 1415 requires that states establish and maintain procedures allowing parties to present a complaint as to matters regarding identification of children.[1] The Child-find provision, 20 U.S.C. § 1412(a)(3)(A), requires that the state has “in effect policies and procedures to ensure that the State meets ... the following condition[ ]:”
All children with disabilities residing in the State, ... regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated and a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services.
The state must present these policies and procedures to the satisfaction of the Secretary. Id. at § 1412(a). Section 1412 thus requires that the state have policies and *1187 procedures in place, to the satisfaction of the Secretary.
In § 1415, Congress requires that the education agency “shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education by such agencies.” Id. at § 1415(a) (emphases added). Looking at the plain language of § 1415, a school district “maintains” a procedure when it follows and enforces that procedure. The list of procedures that must be maintained includes a procedure providing “[a]n opportunity ... to present[ ] complaintfs] with respect to any matter relating to the identification, evaluation, or educational placement of the child.... ” Id. at § 1415(b)(6)(A). By requiring that the states develop and maintain procedures governing initiating a due process hearing, Congress instructed the courts that we are to give deference to the states.
California allows parents to initiate due process hearing procedures (as prescribed by Chapter 5, Part 30, Division 4, Title 2, of the California Education Code) under circumstances where the school district has refused to initiate the identification, assessment, or education placement of a child. Cal. Educ.Code § 56501(a)(2). The majority holds that CUSD’s inaction, in the face of these troubling facts, amounts to a “refusal” under the IDEA. The majority cites no authority for its interpretation of the term “refusal.”
A. Defining “Refusal”

(1)Refusal Is Not Defined In The IDEA The CFRs, or The California Education Code

The IDEA does not define the term “refusal.” However, it does discuss the consequences of a school district’s refusal to initiate identification, evaluation, or educational placement of a child of Addison’s age (at the relevant time) in its section on procedural safeguards. Section 1415 requires that states establish and maintain a procedure requiring the governmental agency provide parents written prior notice whenever it “refuses to initiate or change, the identification, evaluation, or educational placement of the child.” 20 U.S.C. § 1415(b)(3)(B). Such notice must include:
(1) “a description of the action ... refused by the agency,” § 1415(c)(1)(A);
(2) “an explanation of why the agency refuses to take the action,” § 1415(c)(1)(B);
(3) “a description of each evaluation procedure, assessment, record, or report the agency used as a basis for the ... refused action,” Id.]
(4) “a description of other options considered by the IEP Team and the reasons why those options were rejected,” § 1415(c)(1)(E); and
(5) “a description of the factors that are relevant to the agency’s ... refusal,” § 1415(c)(1)(F).
The regulations accompanying the IDEA also do little to help this court interpret “refusal.” An agency must give written notice to the parent of a child with a disability “a reasonable time before the public agency” “[rjefuses to initiate or change the identification, evaluation, or educational placement of the child.” 34 C.F.R. § 300.503(a)(2). The regulation mimics § 1415 as to the required contents of that notice, in that it requires that the notice include all five of the statements listed above. 34 C.F.R. §§ 300.503(b)(1), (b)(2), (b)(3), (b)(6), (b)(7).
The California Education Code repeats the requirements found in the IDEA and accompanying CFRs without adding any more detailed definition for “refusal.” Pursuant to § 1415(b)(3) and 34 C.F.R. *1188 § 300.503, California requires a public agency provide parents with prior written notice upon a child’s initial assessment, and notice a reasonable time before its refusal to initiate or change identification, assessment, or educational placement of a child. Cal. Educ.Code § 56500.4(a). The agency must also “provide a description of any assessment procedures the agency proposes to conduct.” Id. The contents of a notice requirement are identical to the content requirements found in the CFR. See id. at § 56500.4(b).
(2) Statutory Interpretation
The IDEA, the CFRs, and the California Education Code all presuppose that there has been purposeful action with regard to a specific student, before any “refusal” occurred. “When the statutory ‘language is plain, the sole function of the courts — -at least where disposition required by the text is not absurd — is to enforce it according to its terms.’ ” Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 296-97, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)). Interpreting refusal to include a school district’s negligent failure to identify students with disabilities in a timely manner — as the majority argues here^ — leads to an absurd result (even under the distressing facts before us) and leaves a host of questions in its wake.
The IDEA states implicitly, and the CFR and the California Education Code state explicitly, that written notice is to be given to a parent prior to the refusal. 20 U.S.C. § 1415(c), 34 C.F.R. § 300.503(a), and Cal. Educ.Code § 56500.4(a). Public agencies are required to give prior written notice to the parents of the student (a) describing the refused action, (b) explaining why the agency refused the action, and (c) setting out the factors considered by the agency in making its refusal. We cannot read the IDEA to require an agency give prior written notice that it will be negligent: describing the decision concerning which it will be negligent, the reasons it has decided to be negligent, and the factors it considered in deciding to be negligent. It would make the prior written notice requirement absurd (unless CUSD’s actions are described as something other than negligence; here, neither party claims that CUSD acted purposefully in its failure to evaluate Addison).
The term “refusal” obviously includes purposeful agency action in response to a conflict over (1) whether to evaluate a student, or (2) how to deal with an evaluated student. The plain language of the statute makes that a reasonable interpretation. Plenty of IDEA cases come before the courts as the result of a parent and the local education agency disagreeing over the proper classification of a child or the proper appropriate education. Such cases fit neatly into the statutory scheme. As discussed above, once an issue has come to a point of contention, the content requirements for the prior written notice (and the due process hearing complaint, for that matter) make sense.
However, applying the IDEA in cases where there is no point in dispute between a parent and the public agency not only renders the statutory language absurd, but also appears to go against the purpose of the IDEA. The core of the IDEA “is the cooperative process that it establishes between parents and schools.” Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 53, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005). The IDEA was enacted to provide better education for children with disabilities by “strengthening the role and responsibility of parents and ensuring that families of such children have meaningful opportunities to participate in the education of their children at school and at home.” 20 *1189 U.S.C. § 1400(c)(5)(B). Rather than empowering parents and strengthening their role and responsibility in their children’s education, this majority’s interpretation of the school district’s duties weakens parents’ role by casting the responsibility to monitor and identify children’s development solely on to the shoulders of our school system.
Finally, not having a private cause of action does not mean that there is no public recourse for violations of the IDEA, the CFRs, or the California Education Code. As seen at every level of this legislation, funding is conditioned upon compliance. Cal. Educ.Code §§ 56045, 56125, 56845. Furthermore, such compliance is ensured not merely through the investigation of complaints — as discussed in § 56500.2 — but also in monitoring. Cal. Educ.Code §§ 56125, 56135.
Finding that CUSD did not “refuse” under the statute méans that the ALJ did not have authority to conduct a due process hearing, because Congress did not create a private right of action as a method of recourse for the school district’s actions here.
II. Finding a Child-Find Violation
Even if Addison were to demonstrate that a private cause of action existed under the IDEA, the record before this panel is not sufficiently developed so that we should render judgment in this case. On a motion for judgment on the pleadings, the panel cannot properly determine whether CUSD violated its Child-find requirement, because the CUSD local plan is not in this record. This panel must review the CUSD local plan, because the IDEA and its accompanying CFRs are procedural— allowing the states to determine how best to achieve the Child-find requirement, so long as certain procedures are in place. At the state level, the California Education Code allows the school districts to develop local plans detailing how the districts will satisfy the Child-find requirement. In the absence of this local plan, the majority not only rules without a standard to apply, it ignores the statutory framework of the IDEA.
As mentioned above, § 1412 outlines the Child-find requirement for school districts. Unlike § 1415, § 1412 only requires that states establish certain procedures to the satisfaction of the Secretary. Therefore, while a state can violate § 1415 if it fails to either establish a procedure or to maintain that procedure, a state can only violate § 1412 by not having a procedure at all. Given that Congress included that additional substantive requirement only three sections later, it appears that Congress did not intend to create such a requirement in § 1412. (Again, this does not leave the public without redress; failure to perform under the IDEA can and does lead to reduced funding. See Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1469 (9th Cir.1993) (explaining that funding is conditioned “on compliance with certain goals and procedures.”). A state does not comply with the IDEA, in regard to the Child-find provision, if it does not provide procedures that satisfy the Secretary.)
Therefore, in order to show that there was some sort of substantive Child-find violation, Addison must identify that violation in the Code of Federal Regulations or state or local procedures that were adopted pursuant to this statute. The ALJ cited 34 C.F.R. § 300.125 (2006) (currently codified at 34 C.F.R. § 300.111) in her finding that Addison prevailed on the pleadings in her cause of action. However, 34 C.F.R. § 300.125 only requires that “[t]he State must have in effect policies and procedures to ensure that (i) All children with disabilities residing in the State ... are identified, located, and evaluated.” This mirrors the language of § 1412; it is a procedural requirement. Plaintiff never *1190 contended that California failed to have these procedures in place. The ALJ also cited California Education Code sections 56300 and 56301 as setting forth obligations that were violated by CUSD in this case. Again, because Addison did not allege any procedural violations, the panel must find that these statutory sections provide a substantive standard that has been violated.
At first glance, it would appear that the California Education Code may establish a substantive standard against which we might compare CUSD’s actions. The California Education Code does begin with an imperative: an “agency shall actively and systematically seek out all individuals with exceptional needs.” Cal. Educ.Code § 56300. However, the following two sections of the Education Code continue on to detail the manner in which that imperative is to be achieved. It must be achieved through the creation of local plans. Cal. Educ.Code §§ 56301, 56302.
Sections 56301 and 56302 clarify that the local plans govern what the Child-find process will look like. “Each special education local plan area shall establish written policies and procedures ... for a continuous child-find system.... ” Cal. Educ. Code § 56301(d)(1). “Identification procedures shall include systematic methods of utilizing referrals of pupils from teachers, parents, agencies, appropriate professional persons, and from other members of the public.” Cal. Educ.Code § 56302.
It seems apparent from sections 56301 and 56302 that the purpose of the imperative was to set the local plans as a standard against which a school district’s actions are to be compared. Section 56205 supports such a reading by explaining the manner in which California assures compliance with IDEA requirements: “Each special education local plan area submitting a local plan to the Superintendent under this part shall ensure ... that it has in effect policies, procedures, and programs that are consistent with state laws, regulations, and policies governing the following: ... (3) Child-find and referral.... (11) Compliance assurances.... (12)(A) A description of the governance and administration of the plan.... (15) Participation in state and districtwide assessments, ... and reports relating to assessments.” Cal. Educ. Code § 56205(a).
Given this precedent, we cannot hold that there has been a violation of the Child-find requirement without, at very least, reviewing the CUSD local plan. Further, if reviewing the local plan is not a prerequisite, local plans serve no purpose. The IDEA has been recognized as a model of “cooperative federalism,” see Schaffer, 546 U.S. at 52, 126 S.Ct. 528, a system where Congress set out the goals and procedures, but allows states the freedom to decide how those goals and procedures were to be implemented on a day-to-day basis. By finding that the school district has violated the Child-find provision, without even reviewing the CUSD procedures, the majority ignores the statutory complex outlined here.
III. Conclusion
I am sympathetic to Addison’s plight in this case and disappointed that more was not done to aid her while she was a student in the school district. However, I cannot find a private cause of action within the IDEA statutory structure, and I cannot harmonize the language of the statute with a private cause of action for negligence. Further, even if I were to find such things, I do not believe that the record is sufficiently developed for a final judgment at this juncture. For these reasons, I must dissent.

. When a statute only requires that the state or school district have a procedure in place, governing a certain course of action, I refer to it as creating a "procedural requirement.” However, when the statute actually governs the very course of action, I refer to it as creating a "substantive standard” or "substantive requirement.”